## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL CANNON, an individual, ) ) ) Plaintiff, ) ) v. ) ) ROUTE 13 OUTLET MARKET, L.P., ) a Delaware Limited Partnership, ) ) Defendant. ) / | Case No: |

## COMPLAINT

Plaintiff, MICHAEL CANNON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues ROUTE 13 OUTLET MARKET, L.P., a Delaware Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MICHAEL CANNON, (hereinafter referred to as "MR. CANNON") is a resident of the State of Delaware.

4. MR. CANNON is a qualified individual with a disability under the ADA. In July 2011, MR. CANNON suffered a severe injury to his spinal cord which resulted in trauma to his

1

C6 and C7 vertebrae. As a result, MR. CANNON is a quadriplegic and is paralyzed from the chest down. MR. CANNON also suffers from limited dexterity in his hands due to the same incident.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and grasping and requires a wheelchair for mobility.

6. The Defendant, ROUTE 13 OUTLET MARKET, L.P., (hereinafter referred to as "DEFENDANT") is a Delaware Limited Partnership registered to do business in the State of Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: Route 13 Outlet Market, generally located at 11290 Trussum Pond Rd, Laurel, DE 19956 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, an outlet market, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. CANNON resides approximately 13 miles from the DEFENDANT'S Property and regularly visits because he enjoys the restaurants and shops located there. Generally, however, he must order food for takeout because it is so difficult to get inside due to the barriers to access. He last attempted to shop at Defendant's Property in early and mid-February 2024.

11. During his attempted visits to the Defendant's Property, MR. CANNON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. CANNON intends to and will visit the Defendant's Property as a patron once the barriers described herein are addressed. MR. CANNON additionally intends to visit the Defendant's Property as a disability tester to determine whether the barriers to access described herein have been addressed.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by the deadlines established in the ADA. These barriers to access include, but are not limited to the following items which Plaintiff personally observed and/or encountered during his visits to the Property:

    A. Plaintiff encountered inaccessible entrances throughout the Property from the parking lot due to steep and rough slopes leading to the doorways. Due to this issue, MR. CANNON is unable to safely enter Property without assistance.

    B. Plaintiff encountered an inaccessible parking lot at the Property due to a lack of any fully accessible ADA parking spaces. More specifically, none of the spaces in the parking lot were marked by appropriate striping on the ground; signs identifying the ADA spaces were in disrepair and mounted far too low where they are obscured by parked vehicles; ground surfaces consisted of rough, broken pavement, gravel and dirt inappropriate for safe wheelchair use; none of the so-called ADA spaces were provided with van accessible dimensions; and none of the spaces provide a marked adjacent access aisle for loading and unloading of wheelchair bound persons as required under the ADA. Due to these barriers, MR.

CANNON was unable to independently and safely park, load and unload out of his vehicle.

C. Plaintiff encountered inaccessible exterior routes throughout the Property between tenant spaces due to rough ground surfaces, excessive slopes and disrepair. Due to these issues, MR. CANNON is unable to safely maneuver throughout the Property without assistance.

D. Plaintiff encountered inaccessible public restrooms throughout the Property due to inadequate clear floor space/turning radius inside stalls, lack of grab bars behind the toilets and lack of pipe insulation under the sinks. Due to these barriers, MR. CANNON was unable to independently and safely use the restrooms at the Property.

14. To date, these barriers and other violations of the ADA, which are readily achievable and/or structurally feasible to remove, still exist but have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property because he enjoys eating and shopping for the goods and services offered there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: March 1, 2024

Respectfully Submitted,

By: */s/ David T. Crumplar*
       David T. Crumplar (#5876)
       Jacobs & Crumplar, P.A.
       *Of Counsel*
       750 Shipyard Drive
       Suite 200
       Wilmington, DE 19801
       Tel.: (302) 656-5445
       Fax: (302) 656-5875
       E-Mail: davy@jcdelaw.com

       -and-

       Ku & Mussman, P.A.
       18501 Pines Blvd, Suite 209-A
       Pembroke Pines, FL 33029
       Tel: (305) 891-1322
       Fax: (954) 686-3976